**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN D. MURPHY,

Plaintiff,

vs.

RIVER HEIGHTS CAPITAL, LLC,
and EVANS & DIXON, L.L.C.,

Defendants.

## COMPLAINT

1. This action seeks redress for the malicious conduct of a debt buyer and its collection attorneys in harassing Plaintiff to coerce payment of a judgment owed by another person with a similar name.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection conduct impacted Plaintiff within this District;

   b. Defendants do or transact business within this District.

4. Article III is satisfied because Defendants' misconduct caused Plaintiff substantial damages, including financial loss as well as emotional distress and aggravation, and the creation of a public record falsely representing that Plaintiff owes over $30,000 which he does not owe.

## PARTIES

5. Plaintiff John D. Murphy is an individual who resides at 1730 West 170th Street, Hazel Crest, IL 60429.

6. Defendant River Heights Capital, LLC is a limited liability company organized under Wyoming law with a principal address of 26901 Agoura Road, Suite 155, Calabasas, CA 91301. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company,

801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

7. Defendant River Heights Capital, LLC has a website on which it states that it is a "Debt Buyer that specializes solely in the purchase of judgments. We purchase portfolios at the state, regional, and national levels and are well positioned to accommodate purchases of all sizes." (https://riverheightscapital.com/)

8. The website advertises River Heights' capacity to "leverage judgment-specific" data "to identify previously restricted liquidation opportunities" and "achieve optimal liquidation."

9. In other words, it collects upon judgments other debt collectors have recognized are unenforceable.

10. Defendant Evans & Dixon, L.L.C., is a law firm organized as a Missouri limited liability company. It has offices at 303 W. Madison St., Ste. 1900, Chicago, IL 60606, and 211 N. Broadway, Ste. 2500, St. Louis, MO 63102, among other places. Its registered agent and office is Paul A. Krauter, 303 W. Madison St., Ste. 1900, Chicago, IL 60606.

11. Defendant Evans & Dixon, L.L.C. describes itself as a "Debt Collection Law Firm" and "Collection Attorneys." (https://www.evans-dixon.com/collection.aspx) It states: "Achieving the maximum returns on outstanding debts while minimizing potential risks requires persuasive skill, tenacity and a clear understanding of debt-related regulatory requirements. Our debt collection lawyers have deep experience collecting pre- and post-charge-off accounts, and our experienced in-house collection staff draws on the most advanced software technology in the industry. [¶] Evans & Dixon represents clients in a wide spectrum of collection cases, including commercial, retail, landlord-tenant and general collection accounts. We handle all forms of landlord rights and provide in-house skip tracing services. Our collection attorneys are licensed in Missouri, Illinois and Kansas, and are actively involved with numerous industry organizations, including the following: [¶] National Association of Retail Collection Attorneys (NARCA) [¶] National Association of Subrogation Professionals (NASP) [¶] Missouri Creditors Bar Association [¶] National Law List [¶] Debt Buyers Association (DBA) [¶] The Association of Credit and Collection Professionals

(ACA)."

12. Defendant Evans & Dixon, L.L.C., uses the mails, Internet and telephone system to collect debts allegedly owed to others.

13. Defendant Evans & Dixon, L.L.C. is a debt collector as defined in the FDCPA.

**FACTS**

14. A default judgment (Exhibit A) in the amount of $11,269.02 was entered on April 24, 2006 in favor of Resurgence Financial, LLC, based on personal service on March 22, 2006 on a John D. Murphy at 12926 Greenwood Avenue, Blue Island, IL 60406.

15. The return of service (Exhibit B) described the person served as a male white 67 years old, 6 feet in height, with grey hair.

16. River Heights Capital, LLC has been substituted as Plaintiff. (Exhibit C) It is represented by Evans & Dixon, L.L.C.

17. River Heights Capital, represented by Evans & Dixon, L.L.C., filed a petition to revive the judgment on March 5, 2026, giving notice to John D. Murphy at 1725 Ridge Road, Homewood, IL 60430 (Exhibit C), and, on June 5, 2026, at 1730 West 170th Street, Hazel Crest, IL 60429 (Exhibit D). The latter is and has been Plaintiff's address at all relevant times.

18. In 2006, Plaintiff was 45 years old, 5 feet 6 inches in height, with brown hair.

19. Plaintiff is not the person served with process in 2006 and against whom a judgment was entered. There is a difference of 22 years, six inches in height, and different hair color.

20. The judgment debtor would now be 87 years of age, assuming he is still alive.

21. Furthermore, investigation indicates that the John Murphy associated with 12926 Greenwood Avenue, Blue Island, Illinois 60406 is a John **C.** Murphy (Exhibit E).

22. In 2006, after the judgment was entered, the then-judgment creditor attempted on two separate occasions to serve a citation to discover assets on John D. Murphy at the 12926 Greenwood address. The returns of service state that an irate elderly white male stated that he was John C. Murphy and that no John D. Murphy ever lived there. (Exhibits F-G)

23. On information and belief, the Defendants made no reasonable effort to determine if Plaintiff was the person served in 2006, if the person served in 2006 at the Greenwood address was in fact John D. Murphy, or why two attempts at service of the citations to discover assets at the Greenwood address produced a response that there was no John D. Murphy there.

24. It is standard practice for River Heights Capital, LLC to allegedly purchase judgments which are so old as to give rise to serious difficulty in identifying the persons against whom they were entered.

25. There are numerous persons named John Murphy in Illinois.

26. River Heights Capital, LLC has acquired more than 1,000 judgments allegedly owed by Illinois residents, many of which are as old or older than the one it sought to enforce against Plaintiff.

27. As a result of Defendants' notifying Plaintiff that they were seeking to enforce a 2006 judgment – which with interest now exceeds $30,000 – Plaintiff was damaged, in that:

a. He retained and paid counsel to protect himself against ruinous and completely unfounded financial liability.

b. He suffered extreme distress and anguish at being notified that there was a judgment against him which now amounted to more than $30,000.

c. Defendants created a public record falsely representing that Plaintiff owes over $30,000 which he does not owe.

**<u>COUNT I – FDCPA</u>**

28. Plaintiff incorporates paragraphs 1-27.

29. This claim is against both Defendants.

30. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

31. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

32. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

33. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

34. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

35. Defendants violated 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f by filing pleadings claiming that Plaintiff is liable under the 2006 judgment.

36. Section 1692d provides:

> Harassment or abuse
>
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .

37. Section 1692e provides:

> False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

38. Section 1692f provides:

> Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for:

a. Actual damages;

b. Statutory damages;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as the Court deems proper.

**COUNT II – ILLINOIS CONSUMER FRAUD ACT**

39. Plaintiff incorporates paragraphs 1-27.

40. This claim is against River Heights Capital, LLC.

41. Defendant engaged in unfair and deceptive practices, in violation of 815 ILCS 505/2, by:

a. Claiming that Plaintiff is liable under the 2006 judgment.

b. Engaging in a method of doing business that makes it highly likely that it will enforce judgments against persons other than the judgment debtor.

42. Defendant engaged in such conduct in the course of trade and commerce.

43. Defendant engaged in such conduct for the purpose of extorting money to which it has no right.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants for:

a. Actual damages;

b. Punitive damages;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
Madeline G. Brashear
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
Jclark@edcombs.com
mbrashear@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman